## Joseph Binder, Defendant in Error, v. Mary A. Roberts, Plaintiff in Error.

### Gen. No. 19,603.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed May 25, 1914.

## Statement of the Case.

Action in the Municipal Court by Joseph Binder against Mary A. Roberts. The original statement of claim is for an account stated for work done and materials furnished for defendant's automobiles. The amended statement of claim is based on alleged fraudulent representations made by one Shea, whereby plaintiff accepted his note for the balance due for the work done and materials furnished on said automobiles. The allegations of the statements of claim

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

were traversed by affidavits of defense. To reverse a judgment entered in favor of plaintiff, defendant brings error.

CHARLES C. SPENCER, for plaintiff in error.

ERNEST C. RENIFF, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. FRAUD, § 111*—*sufficiency of evidence.* In an action in the Municipal Court where the original statement of claim is for an account stated for work and materials furnished for defendant's automobiles, and an amended statement of claim was based on alleged fraudulent representations made by a person who brought the machines to plaintiff's shop, whereby plaintiff accepted his note for the balance due, *held* that a judgment in favor of plaintiff was not sustained by any evidence in the record tending to support the allegations of either the original or amended statement of claim.

2. PAYMENT, § 6*—*when acceptance of third party's note constitutes payment.* Where a person accepts a third party's promissory note payable to his order in payment of a balance claimed to be due from another, such acceptance constitutes payment.